UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VERNICE MARTIN,

                Plaintiff,

        - against -

WESTLAKE FINANCIAL SERVICES; JERSEY
CITY FORD LINCOLN MERCURY; CAPITAL
ONE BANK OF JERSEY CITY; JP MORGAN
CHASE BANK, N.A.,

                Defendants.
------------------------------------------------------------X

**NOT FOR PUBLICATION**

MEMORANDUM
AND ORDER
11-CV-6345 (CBA)(RML)

AMON, Chief Judge:

       Plaintiff, Vernice Martin, filed this action *pro se* on December 27, 2011, alleging breach of contract in the purchase of a car. Plaintiff filed an amended complaint of her own accord on January 5, 2011, which replaces the original complaint. She seeks damages, recision of the contract and return of the car, which was repossessed. The Court grants plaintiff's request to proceed *in forma pauperis* solely for the purpose of this order, and she is afforded thirty days to file a second amended complaint that properly sets forth her claim and a basis for this Court's jurisdiction.

**Standard of Review**

       Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally. *See Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010). A *pro se* complaint should not be

1

dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff must also establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v.*

*Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp*. 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

**Background**

The amended complaint is not a model of clarity, but from it and its attachments, the Court obtains the following background. On September 16, 2010, plaintiff purchased a 2010 Ford Explorer from Jersey City Ford Lincoln Mercury ("Jersey City Ford") located in Jersey City, New Jersey. When plaintiff's financing through Capital One Auto Finance ("Capital One") could not be completed, Westlake Financial Service ("Westlake") provided the loan necessary to complete the purchase. However, because the title was prepared when it was believed that Capital One would be the lien holder, the title to the car reflected that the lien on the car was held by Capital One. Defendant Jersey City Ford and Westlake contacted plaintiff who had the title to the car, seeking to have the title amended to reflect the correct lien holder. Plaintiff failed to comply and the defendants ultimately repossessed the car.

It appears from the attachments to the complaint (and plaintiff's reference to New York laws) that this matter has been the subject of an action in New York state court. In a letter to the Court, which accompanied plaintiff's complaint and amended complaint, a "Ms. Expertise El Bey authorized representative" states that she wishes to bring this action on plaintiff's behalf because plaintiff was "manipulated by the Supreme Court in Queens back in April/May 2011."

3

Amended Complaint, Letter dated January 5, 2012. She states that the state court judge rendered a decision in plaintiff's case before he reviewed the file "which violated/prejudice[d] and causing harm and wrongful repossession of Ms. Martin automobile." Id. The letter also requests that the judge assigned to her case remit to Ms. Expertise El Bey "his or her oath of office." Plaintiff is advised that she may not be represented by someone who is not a licensed attorney. See Iannoccone v. Law, 142 F.3d 553, 558 (2d Cir. 1998).

**Discussion**

**A. Subject Matter Jurisdiction**

Plaintiff states that this court has jurisdiction and venue pursuant to two sections of the "C.P.L.R.," Amended Complaint at 1. She refers to the Mckinney's Consolidated Laws of New York Annotated Civil Practice Law, which governs New York state courts; it does not apply to federal courts and does not establish a basis for this Court's jurisdiction.

To the extent that plaintiff is asserting an ordinary state-law contract claim, this Court only has subject matter jurisdiction if the requirements of diversity jurisdiction are established. Liberally construing the complaint, as it must, the court thus considers whether plaintiff could assert diversity jurisdiction pursuant to 28 U.S.C. § 1332. In addition to showing diversity of citizenship, a plaintiff invoking diversity jurisdiction must claim an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Although the parties *may* be diverse,[1] plaintiff has not alleged that the amount in controversy would exceed this jurisdictional amount. Indeed, the

---

[1] The parties for which plaintiff has provided addresses appear to be diverse: plaintiff is domiciled in New York, defendant Jersey City Ford is listed as a citizen of New Jersey, and defendant Westlake is listed as a citizen of California. However, plaintiff does not provide addresses for defendants Capital One Bank of New Jersey and JP Morgan Chase. If either is a citizen of New York, the parties are not diverse.

documents appended to the complaint suggest that she is only seeking $50,000. Accordingly, the complaint as filed is insufficient to meet the requirements of 28 U.S.C. § 1332. *See, e.g., Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir.1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."); *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994) ("A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount.").

It is also possible that plaintiff is attempting to assert a federal statutory claim. In paragraph 13 of the amended complaint, she alleges that defendant Westlake "ignored" a letter plaintiff sent seeking validation of the debt and "began harassing phone calls morning an[d] evening asking for monthly payments calling my friends on their jobs and at home." Amended Complaint, ¶ 13. This may be the skeleton of a claim under the Fair Debt Collection Practices Act (FDCPA"), 15 U.S.C. § 1692 *et seq*. The Fair Debt Collection Practices Act imposes civil liability on "debt collector[s]" for certain prohibited debt collection practices. To state a claim under the FDCPA, plaintiff must show that (1) she was the object of collection activity arising from consumer debt, (2) defendants are debt collectors as defined by the FDCPA and (3) defendants have engaged in an act or omission prohibited by the FDCPA. The complaint as filed fails to allege facts that are sufficient to set forth such a claim.

However, in light of plaintiff's *pro se* status, the Court will grant plaintiff leave to further amend the Complaint, in the event that she is able to properly assert a basis for federal jurisdiction. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

5

### B. *Rooker-Feldman* Doctrine

Plaintiff is advised, however, that even if she is able to allege a prima facie basis for this Court's subject matter jurisdiction, this Court may be divested of its subject matter jurisdiction by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine prevents review of a case "brought by [a] state-court loser[ ] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005).

In *Hoblock v. Albany County Bd of Elections*, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted).

The documents appended to the complaint suggest that plaintiff may be asking this Court to review and reject a judgment already rendered in New York Supreme Court, Queens County. She is advised that, if this is the case, the *Rooker-Feldman* doctrine will deprive this Court of jurisdiction over the action. If plaintiff is seeking review of a state court judgment, the proper course of action is to appeal that judgment to the state appellate court.

### Conclusion

In light of plaintiff's *pro se* status, the Court grants plaintiff thirty (30) days from the date of this Order to file a Second Amended Complaint that properly asserts a basis for the exercise of this Court's jurisdiction. If plaintiff elects to file a Second Amended Complaint, she must

clearly set forth the grounds for relief and the basis for federal subject matter jurisdiction, as discussed above. She must also include copies of any documents filed in state court against any of the named defendants. The Second Amended Complaint must be captioned, "SECOND AMENDED COMPLAINT," and bear docket number 11-CV-6345(CBA). No summons will issue at this time and all further proceedings shall be stayed for thirty (30) days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the action shall be dismissed. If submitted, the Second Amended Complaint will be reviewed under 28 U.S.C. § 1915(e)(2)(B) and for compliance with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
January 23, 2012