FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 1 6 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

VERNICE MARTIN,

                Plaintiff,

         - against -

WESTLAKE FINANCIAL SERVICES; JERSEY
CITY FORD LINCOLN MERCURY; CAPITAL
ONE BANK OF JERSEY CITY; JP MORGAN
CHASE BANK, N.A.,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
11-CV-6345 (CBA)(RML)

AMON, Chief Judge:

        Plaintiff Vernice Martin filed this action *pro se* on December 27, 2011, alleging fraud and breach of contract in connection with the purchase of a car. She filed an amended complaint of her own accord on January 5, 2011, which replaced the original complaint. By Order dated January 23, 2012, the Court afforded her thirty days to file a second amended complaint that properly set forth her claim and a basis for this Court's jurisdiction. On February 15, 2002, plaintiff submitted a second amended complaint. For the reasons set forth below, the action is dismissed.

## Background

        On September 16, 2010, plaintiff purchased a 2010 Ford Explorer from Jersey City Ford Lincoln Mercury ("Jersey City Ford") located in Jersey City, New Jersey. When plaintiff's financing through Capital One Auto Finance ("Capital One") could not be completed, Westlake Financial Services ("Westlake") provided the loan necessary to complete the purchase. However, because the title was prepared when it was believed that Capital One would be the lien

1

holder, the title to the car reflected that the lien on the car was held by Capital One. It appears that Jersey City Ford and Westlake thereafter contacted plaintiff, seeking to have the title amended to reflect the correct lien holder. Plaintiff claims that she never signed any paperwork with Westlake, but she also appears to allege that she made monthly payments to Westlake for some period of time. However, after learning that there was an issue with the car title, she came to believe that Westlake was collecting on an invalid debt. She thus claims that she sent Westlake "cease and desist" letters and requests for validation of the debt, but Westlake ignored her requests and made "harassing phone calls morning, noon, and night."

Plaintiff states that this dispute was already the subject of a state court action in April or May of 2011. She claims that the presiding judge "didn't look at my paper work and made a ruling that was unlawful," resulting in the repossession of her car on July 21, 2011.[1]

## Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads

---

[1] In a letter to the Court which accompanied plaintiff's complaint and amended complaint, a "Ms. Expertise El Bey authorized representative" states that she wishes to bring this action on plaintiff's behalf because plaintiff was "manipulated by the Supreme Court in Queens back in April/May 2011." (Amended Complaint, Letter dated January 5, 2012.) She states that the state court judge rendered a decision in plaintiff's case before he reviewed the file "which violated/prejudice[d] and causing harm and wrongful repossession of Ms. Martin automobile." (*Id.*)

2

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, — U.S. —, 129 S.Ct. 1937, 1949 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Plaintiff must also establish that the court has subject matter jurisdiction over the action. *See, e.g., Rene v. Citibank NA*, 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). The subject matter jurisdiction of the federal courts is limited. Federal jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. "[S]ubject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). Courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). "Where jurisdiction is lacking . . . dismissal is mandatory." *Manway Constr. Co. Inc. v. Housing Authority of City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983); *see also* Fed. R. Civ. P. 12 (h)(3).

## Discussion

### A. The Court Lacks Subject-Matter Jurisdiction Over the State Law Claims

Pursuant to this Court's prior Order, plaintiff attempts to establish diversity jurisdiction over her state law fraud and contract claims, however she fails to do so. She alleges that she is a domiciliary of New York, that defendant Jersey City Ford is a citizen of New Jersey, and that defendant Westlake is a citizen of California. She states that she is unable, however, to ascertain the citizenship of defendants Capital One Bank of Jersey City or JP Morgan Chase. Thus, as an initial matter, she has failed to plead complete diversity between the parties, as required for diversity jurisdiction. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2d Cir. 1998) ("The party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete.").

Moreover, her damages claims of $100,000 against both Westlake and Jersey City Ford are entirely speculative. The "party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994) (quoting *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975)). The Second Amended Complaint indicates that plaintiff's total down payment for the car at issue was $12,800, and it does not appear that even the total value of the vehicle would exceed the $75,000 amount-in-controversy requirement for diversity jurisdiction. Plaintiff fails to provide any other support for her damages claims, and therefore fails to establish that this Court has diversity jurisdiction.

The Court also notes that the *Rooker-Feldman* doctrine would, in any event, likely deprive this Court of jurisdiction to hear plaintiff's state law claims. While none of plaintiff's

submissions clearly state the facts of her case or its procedural history, it is apparent from plaintiff's submissions that she has previously sought relief in Queens County Supreme Court, and an adverse judgment was rendered against her. She then filed a second action in state court against these same defendants, which appears to be still pending on the defendants' motion to dismiss on the grounds of *res judicata* and lack of personal jurisdiction. *Martin v. Westlake Financial Services*, Index No. 23483/2011. Plaintiff alleges in her Second Amended Complaint that her car was repossessed as a result of the first state court judgment, and she appears to seek this Court's review and rejection of that judgment.

The *Rooker-Feldman* doctrine prevents federal court review of a case "brought by [a] state-court loser[] complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280 (2005). In *Hoblock v. Albany County Bd of Elections*, 422 F.3d 77, 83 (2d Cir. 2005), the Second Circuit set out the four requirements of the *Rooker-Feldman* doctrine: (1) "the federal-court plaintiff must have lost in state court"; (2) "plaintiff must complain of injuries caused by a state-court judgment"; (3) "plaintiff must invite district court review and rejection of that judgment"; and (4) the "state court judgment must have been rendered before the district court proceedings commenced." 422 F.3d at 85 (internal quotations omitted). Each of these elements appears satisfied here. If plaintiff is seeking review of a state court judgment, the proper course of action is to appeal that judgment to the state appellate court.

Accordingly, the Court lacks subject matter jurisdiction over plaintiff's state law claims, and they are dismissed.

B. No Claim under the Fair Debt Collection Practices Act ("FDCPA")

Plaintiff was also afforded an opportunity to properly assert a basis for federal question jurisdiction under the FDCPA against defendant Westlake. In her Second Amended Complaint, plaintiff alleges that Westlake ignored her requests for "validation of the debt" and began "harassing phone calls morning, noon and night and even on weekends for months." (Second Amended Complaint at 2.) Even broadly construing these statements as a federal claim under the FDCPA, it must be dismissed.

The Fair Debt Collection Practices Act imposes civil liability on "debt collector[s]" for certain prohibited debt collection practices. 15 U.S.C. § 1692e. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, *debts owed or due or asserted to be owed or due another.*" 15 U.S.C. § 1692a(6) (emphasis added). The FDCPA excludes creditors from the definition of debt collector, as long as the creditor does not use a name that might lead a debtor to believe that a third party was involved in the collection effort (the so-called "false name" exception). 16 U.S.C. § 1692a(6); *see also Maguire v. Citicorp Retail Serv., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Thus, by its terms, the FDCPA generally does not restrict the activities of creditors seeking to collect their own debts. *See* 15 U.S.C. § 1692a(6)(F); *Maguire*, 147 F.3d at 235.

It appears from plaintiff's submissions that after her original car financing from Capital One Bank fell through, Westlake provided a loan that allowed plaintiff to purchase the car, and was thus an original creditor. In other words, it appears that Westlake was attempting to collect

a debt asserted to be owing to itself. Westlake is also not alleged to have undertaken any collection activities under a false name to bring it within the ambit of the FDCPA.

Although in the Second Amended Complaint, plaintiff appears to allege that she never signed a contract with Westlake, and she appends a September 29, 2010 letter from Westlake stating that it "recently purchased your Contract from the dealership," it appears that any assignment of rights between the dealership and Westlake occurred before any default on the debt, in which case Westlake is still not a debt collector. The FDCPA excludes from the definition of debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person." 15 U.S.C. § 1692a(6)(F)(iii); *see Dolan v. Fairbanks Capital Corp.*, 2005 WL 1971006, at *3 (E.D.N.Y. 2005) ("Moreover, an assignee of a debt is only treated as a debt collector if the debt sought to be collected was in default at the time it was obtained by such person."). Thus, even if plaintiff's complaint could be read to allege that a debt was assigned from the dealership to Westlake, it does not indicate that the debt was in default when the assignment occurred. Indeed, the Second Amended Complaint states that plaintiff made payments to Westlake for a period of time before the dispute arose, and the appended letter indicates that the company only recently purchased the contract and began "processing [plaintiff's] loan." (Second Amended Complaint, at 2.)

Accordingly, plaintiff has failed to state a valid claim under the FDCPA, and the claim is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## Conclusion

Accordingly, the action is dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
Carol Bagley Amon
United States District Judge

Dated: Brooklyn, New York
April 16, 2012